# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

___ FILED ___ LODGED
___ RECEIVED ___ COPY

NOV - 5 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

*ORDER OF DETENTION PENDING TRIAL*

_____ Jose Antonio Vera _____        Case Number:  09-09000M-001

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established:        *(Check one or both, as applicable.)*

☒        by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒        by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐        (1)        The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        ☐        a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        ☐        an offense for which the maximum sentence is life imprisonment or death.

        ☐        an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ [1]

        ☐        a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐        (2)        The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

☐        (3)        A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding 1.

☐        (4)        Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings

☒        (1)        There is probable cause to believe that the defendant has committed an offense

        ☐        for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC 841 ___ [2]

        ☐        under 18 U.S.C. § 924(c)

☒        (2)        The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒        (1)        There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐        (2)        No condition or combination of conditions will reasonably assure the safety of others and the community.

☐        (3)        There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐        (4)        _____
_____

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).
[2] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☐   (1)   I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence as to danger that:
the defendant's minor child was present when the defendant and his wife were stopped by authorities and a search of their luggage revealed heroin which weighed in excess of one kilogram.

☒   (2)   I find that a preponderance of the evidence as to risk of flight that:

     ☒   The defendant has significant contacts in the District of Arizona but also has significant contacts in the Republic of Mexico.

     ☒   The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

     ☐   The defendant has a prior criminal history.

     ☐   There is a record of prior failure to appear in court as ordered.

     ☐   The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

     ☒   The defendant is facing a minimum mandatory of _____ 10 yrs. _____ incarceration and a maximum of _life imprisonment_ .

☐   The defendant does not dispute the information contained in the Pretrial Services Report, except:

_____

_____

_____

☒   In addition:

The defendant owns a home in the Republic of Mexico near his parents who reside there. He has no stable residence in the United States. His daughter is presently residing in his home in San Luis, Arizona, and is trying to obtain custody of the defendant's son from Child Protective authorities in the State of Texas. If the child is placed in the custody of the defendant's daughter, the defendant would not be able to reside with him in that home, as a condition of the placement. Defendant reported to pretrial services that he resided at the home in San Luis, Arizona and had for the last three years, but in fact had not resided in the home for at least the last three months. Caseworkers in Texas from CASA advocating for the defendant's son and the child's present foster parent expressed concerns to pretrial services, that based upon recent conversations with the defendant and his wife, that the couple was looking for a way to gain control of the child and flee the country.

_____

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

---

[3] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). See 18 U.S.C. § 3142(g) for the factors to be taken into account.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE:   November 5, 2009

JAY R. IRWIN
United States Magistrate Judge